IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL KEITH REYES**,

    Plaintiff,

vs.                                                                                          Civ. No. 09-1174 WPL/RHS

**THE STATE OF NEW MEXICO, MAYOR MARTIN CHAVEZ,
JUSTIN E. LEE, BRUCE MINCHOW, LIEUTENANT GONZALES,
A. TORRES, J. MILLER, C. MAGEE, A. MEDRANO**,

    Defendants.

## ORDER DENYING MOTION TO PROCEED IFP ON APPEAL

**THIS MATTER** comes before the Court on pro se Plaintiff Paul Keith Reyes' application to proceed *in forma pauperis* ("IFP") on appeal, filed February 8, 2010 (Doc. 8). The Court concludes that Reyes has failed to properly sign his financial affidavit under oath, thereby failing to satisfy statutory requirements; that his appeal is not taken in good faith; and that his motion to proceed IFP on appeal must be denied. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); FED. R. APP. P. 24(a)(1) (requiring appellant who desires to appeal IFP to file motion in the district court). Reyes has consented, under 28 U.S.C. 636(c) and FED. R. CIV. P. 73(b), to have United States Magistrate Judge William P. Lynch conduct all proceedings in this case. *See* Doc. 4.

The Court denied permission to proceed IFP and dismissed Reyes' Complaint because he had failed to state a cognizable federal claim on January 14, 2010. *See* Doc. 5. The Court first noted that "Reyes did not file, as required by 28 U.S.C. § 1915(a)(1), a properly signed 'affidavit,'" and that he was "playing games with his signature, now using a symbol of some sort instead of signing his name" under penalty of perjury. Doc. 5 at 2. Reyes has continued that practice in this motion, using the symbol instead of signing his name to the affidavit, but signing his legal name on the certificate

of service. To proceed IFP on appeal, the plaintiff "must show a financial inability to pay the required fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (italics added). A "nonfrivolous argument" is a "rational argument on the law or facts in support of the issues raised on appeal." *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of cases if the court determines "that the allegation of poverty is untrue" or if "the action or appeal . . . is frivolous or malicious").

In his motion to proceed IFP on appeal, in the section where he is to state his issues on appeal, Reyes states: "time limits, immunity." Doc. 8 at 2. Stating those three words does not satisfy Reyes' duty to show the existence of an "issue" supported by a nonfrivolous, rational argument. While Reyes' Notice of Appeal is quite wordy and cites numerous cases and statutes, he sets forth no rational argument supported by law to show that the Court erred in denying permission to proceed IFP and dismissing his Complaint. *See* Doc. 7. Reyes has not satisfied the statutory requirements set forth in § 1915(a) and (e), and therefore has not filed his motion to proceed IFP on appeal in good faith.

**IT IS ORDERED** that Reyes' motion to proceed IFP on appeal (Doc. 8) is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent